Mr. Steven V. Berson Deputy Director Department of Revenue State of Colorado 1375 Sherman Street Denver, CO 80261
Dear Mr. Berson:
This letter is in response to your inquiry regarding the legal authority for liquor enforcement officers to carry and use firearms in the course of their official duties.
QUESTION PRESENTED AND CONCLUSION
The specific question you asked is as follows:
Does there exist in the above- referenced statute (C.R.S. 1973, 12-47-131), or elsewhere, legal authority for liquor enforcement officers to carry and use firearms in the course of their official duties?
 Under C.R.S. 1973, 12-47-131, liquor enforcement officers (inspectors), while they are engaged in their duties and while acting under proper orders or regulations, have all of the powers vested in peace officers.
ANALYSIS
The open possession of an "ordinary" weapon (one not defined as illegal under C.R.S. 1973, 18-12-102 (repl. vol. 1978)) is not unlawful under any Colorado statute. While some local authorities such as Denver, Boulder and Golden prohibit possession of a lawful weapon, their ordinances are either not applicable to law enforcement officers in the lawful discharge of their duties, or as in the case of Denver regulation 845.1-1.2-1(3), a valid permit from any Colorado sheriff, chief of police or mayor is an affirmative defense to charges of carrying or concealing a gun.
Having the powers of peace officers, liquor enforcement officers are not only empowered to openly possess weapons under city ordinances (or in the case of Denver, pursuant to permit), but under state statutes they possess additional privileges related to unlawful and concealed weapons. While Colorado law does not unqualifiedly arm its liquor enforcement officers or any other peace officers, it does make their status an affirmative defense to criminal charges related to the unlawful possession of illegal weapons. C.R.S. 1973, 18-12-102 (repl. vol. 1978) provides:
 Possessing an illegal weapon. (1) As used in this section, the term "illegal weapon" means a blackjack, bomb, firearm silencer, gas gun, machine gun, short shotgun, short rifle, metallic knuckles, gravity knife, or switchblade knife.
 (2) A person, other than a peace officer or member of the armed forces of the United States or Colorado national guard acting in the lawful discharge of his duties or a person who has a valid permit and license pursuant to the federal code for such weapon, commits a class 1 misdemeanor if he knowingly possesses an illegal weapon. The exceptions in this subsection (2) shall be an affirmative defense.
Similarly, C.R.S. 1973, 18-12-105 (repl. vol. 1978) makes unlawful the carrying of a concealed weapon but again makes the status of peace officer an affirmative defense to the crime.
Therefore, because they possess the powers of peace officerswhile engaged in performing their duties, liquor enforcement officers may carry weapons, either open or concealed, with their status available as an affirmative defense to criminal charges for possession when, but only when, they are engaged in performing their duties.
The actual use of weapons by liquor enforcement officers is governed by several provisions of the Colorado Criminal Code. Under C.R.S. 1973, 18-12-106 (repl. vol. 1978) it is a class 2 misdemeanor to "knowingly and unlawfully" aim a firearm at another person. A liquor enforcement officer who aims or fires his weapon does not do so "unlawfully" and in violation of this statute if his actions conform to C.R.S. 1973, 18-1-707(1) and (2). C.R.S. 1973, 18-1-707 clearly enumerates the instances in which peace officers may lawfully use physical force and deadly physical force.
SUMMARY
Thus, subject to C.R.S. 1973, 18-1-707, liquor enforcement officers, having all of the powers of a peace officer while engaged in performing their duties, may lawfully both possess and use weapons. This opinion is being rendered as to the lawfulness, not the advisability, of liquor enforcement officers possessing and using weapons.
This opinion should only be read in conjunction with appendix A, attached hereto, relating to the possible liability of liquor enforcement officers and their supervisors should firearms be used. The issues discussed in appendix A include both civil and criminal liability, and range from negligence and use of excessive force to violation of 42 U.S.C. § 1983. Any consideration of authorizing liquor enforcement officers to carry and use firearms should be based not only on this opinion and appendix A, but also on an awareness of the training, policies and supervision that would be necessitated.
Very truly yours,
 J.D. MacFARLANE Attorney General
WEAPONS ALCOHOLIC BEVERAGES PEACE OFFICERS
C.R.S. 1973, 12-47-131 C.R.S. 1973, 18-12-102 (Replacement vol. 1978) C.R.S. 1973, 18-12-105 (Replacement vol. 1978) C.R.S. 1973, 18-12-106
C.R.S. 1973, 18-1-707
REVENUE, DEPT. OF Liquor Enforcement
Liquor officers, having all of the powers of a peace officer while performing their duties, may lawfully possess and use weapons, subject to C.R.S. 1973, 18-1-707. Liability is discussed in attached memorandum.